UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES RODGERS,
  Plaintiff,

vs.   No. 04-1347

ROGER WALKER, et al
  Defendants

## ORDER

    This cause is before the court for case management and consideration of the plaintiff's motion for a preliminary injunction. On December 2, 2004, the court conducted a merit review of the plaintiff's complaint. The court found that the plaintiff had adequately alleged a violation of his Eighth Amendment rights. The plaintiff specifically claimed that he suffered from a serious medical condition because he had an artificial heart valve and needed bi-annual medical examinations. The plaintiff claimed that specialists had stated the plaintiff needed specific tests and the defendants were aware the tests were needed, but the defendants refused the required medical treatment.

    The plaintiff has now filed a motion for preliminary injunction asking that the court order an examination with a cardiac specialist. The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *American Hospital Ass'n v. Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980) "A preliminary injunction is an extraordinary remedy that is only granted where there is a clear showing of need." *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

    To support the issuance of a preliminary injunction, a plaintiff must demonstrate: (1) a reasonable likelihood of success on the merits; (2) the inadequacy of a remedy at law; (3) the existence of irreparable harm if the injunction is not issued; (4) the threat of harm to the plaintiff outweighs the threatened harm to the defendant if the injunction were issued; and (5) the granting of a preliminary injunction will not disserve the public interest. *Somerset House, Inc. v. Turnock*, 900 F.2d 1012, 1014-15 (7th Cir. 1990). The plaintiff must satisfy each of these elements to prevail. *Id.* at 1015.

    The plaintiff says while he was at Menard Correctional Center, he was denied a cardiac examination that was recommended by two specialists. The plaintiff further states that he is no longer at Menard, but due to the fact that he is a high security risk, he believes it is very possible he will return to this facility. The plaintiff says his health is in jeopardy and asks the court to order that he be examined by a cardiac specialist.

1

The defendants state that the plaintiff was at Menard from August of 2003 to August of 2004. The plaintiff was evaluated at the University of Illinois at Chicago College of Medicine on November 17, 2004.

When a plaintiff is transferred to another prison, his request for an injunction against officials at the former prison is moot unless he is able to show that it is likely he will be re-transferred. *Higgason v. Farley*, 83 F.3d. 807, 811 (7th Cir. 1996); *Moore v. Thieret*, 862 F.2d 148, 149-50 (7th Cir. 1988). It is not clear the plaintiff will be re-transferred to Menard Correctional Center. However, even if there is a strong chance the plaintiff will return, he has not established his need for a preliminary injunction.

First, it is doubtful the plaintiff will succeed on the merits. The plaintiff was only at Menard Correctional Center for one year, he has since a cardiac specialist, and there does not appear to be any evidence that the delay in an examination caused any harm to the plaintiff. Second, there is no reason to believe the plaintiff does not have an adequate remedy at law. Third, since the plaintiff has since been seen by a cardiac specialist and is doing well. There is no evidence of irreparable harm. Fourth, the balance of harms does not weigh in favor of the plaintiff. The plaintiff has received medical care. However, the plaintiff admits he is considered a high escape risk. The motion for preliminary injunction is denied.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for preliminary injunction is denied. [d/e 24]**

Entered this 11th day of October, 2005.

                                        **s\Harold A. Baker**
                             _____
                                      HAROLD A. BAKER
                              UNITED STATES DISTRICT JUDGE