UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES RODGERS,
    Plaintiff,

vs.                                                              04-1347

ROGER WALKER, et.al.,
    Defendants.

ORDER

    This cause is before the court on plaintiff's motion to proceed *in forma pauperis* on appeal [d/e 74]

    Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiff's appeal is taken in good faith before the court can determine *in forma pauperis* status. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. *See Cruz v. Hauck*, 404 U.S. 59, 62 (1971); *see also Coppedge v. United States,* 369 U.S. 438, 445 (1962).

    On September 28, 2006 and November 1, 2006, this court indicated that it doubted whether plaintiff's appeal was taken in good faith, and directed the plaintiff to submit a brief stating his grounds for appeal to assist the court in determining the issue. *see Celske v. Edwards,* 164 F.3d 396, 398 (7th Cir. 1999). The plaintiff has now submitted a brief for the court's consideration.

    The court granted the defendants' motion for summary judgement on June 26, 2006. The court found that the plaintiff had failed to demonstrate that the defendants were deliberately indifferent to his serious medical condition. The plaintiff's brief simply restates his earlier arguments. The plaintiff again states that a cardiologist ordered the plaintiff be examined every six months. The documents presented by the plaintiff do not support this claim. The cardiologist clearly states that the plaintiff should be seen once a year at a minimum. The medical records also demonstrate that the plaintiff was examined at least once a year. The plaintiff did not demonstrate that the defendants were deliberately indifferent.

Since the court has not been able to find any substantial issue meriting relief from judgement, and the plaintiff has failed to proffer any reason for the court to doubt this determination, the court cannot find a good faith basis for appeal. Accordingly, the court denies plaintiff's motion for leave to proceed *in forma pauperis* and certifies, pursuant to 28 U.S.C. §1915(a)(3), that the appeal is not in good faith.

The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal *in forma pauperis*, but must pay the appellate fees of $455 within 14 days. *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). If the plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within 30 days after service of this order. *See* Fed.R.App.P. 24(a).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to appeal *in forma pauperis* is denied. [d/e 74]. Plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within 14 days of the date of this order. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days. <u>The clerk is directed to submit a copy of this order to the United States Court of Appeals for the Seventh Circuit</u>

Enter this ___30th_____day of __April_____, 2007.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE